**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-0042-WJM-KLM

AMERICAN AUTO SHIELD, LLC, a Colorado foreign limited liability company,

    Plaintiff,

v.

DEALERS WARRANTY, LLC, a Colorado foreign limited liability company d/b/a MOGI, and
BRIAN MARINO,

    Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING
PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT**

---

Plaintiff America Auto Shield, LLC ("Plaintiff") brings this action against Defendants Dealers Warranty LLC and Brian Marino ("Defendants") arising out of a contract between the parties. (Compl. (ECF No. 1-1) ¶ 5.) Before the Court is Defendants' Motion to Dismiss ("Motion"). (ECF No. 4.) For the reasons set forth below, the Motion is granted and Plaintiff is given leave to file an amended complaint.

## I.  LEGAL STANDARD

Defendants' Motion is premised on the pleading standards set forth in the Federal Rules of Civil Procedure. Under these standards, a complaint must contain "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  A responsive

pleading must "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B).

## II.  ANALYSIS

Defendants contend that the Court should dismiss Plaintiff's Complaint for failing to comply with the federal pleading requirements. (ECF No. 4.)  Specifically, Defendants argue that Plaintiff's Complaint contains paragraphs that are too long and contain too many different allegations in the same paragraph. (*Id*. at 3.)  Defendants contend that the violations of Rules 8(a) and 10(b) in Plaintiff's Complaint make it impossible for them to file an answer that would comply with the Federal Rules of Civil Procedure. (*Id*.)  In response, Plaintiff argues that its Complaint is not so lengthy or "prolix" that it violates federal pleading standards. (ECF No. 13.)

Having reviewed the Complaint, the Court agrees with the arguments raised by Defendants.  The Complaint consists of only fifteen numbered paragraphs, which are not limited to a single set of circumstances.  For example, paragraph five is six sentences long and contains no subparts.  These sentences discuss the formation of the contract at the heart of this dispute, various provisions of such contract, and subsidiary agreements made thereto. (Compl. ¶ 5.)  Paragraph six of the Complaint contains five sentences that include allegations regarding Defendants' ownership, allege misuse of the corporate form, and raise issues of personal or individual liability. (*Id*. ¶ 6.)  The nature of these paragraphs, particularly the multitude and variety of the allegations contained within each paragraph, make it impossible for Defendants to file an answer that would comply with Rule 8(b).

Defendants also contend that Plaintiff's Complaint fails to adequately set forth the nature of its claims because Plaintiff fails to include any specific facts in its "Claims for Relief." (ECF No. 4 at 4.)  The Court agrees.  Plaintiff's Complaint contains only conclusory statements regarding the elements of each claim asserted.  For example, the following is the entirety of Plaintiff's breach of contract claim:

<u>FIRST CLAIM FOR RELIEF</u><br>(Breach of Contract)

16.  Defendants had an agreement with AAS.
17.  Defendants breached said agreement.
18.  As a result of the breaches referenced herein, AAS suffered damages in an amount to be proven at trial.

(Compl. p. 8.)  This is exactly the type of pleading that the Supreme Court addressed in *Ashcroft v. Iqbal* when it stated: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  556 U.S. 662, 678 (2009).  In its amended complaint, Plaintiff should not simply state the legal elements of each claim but should include specific facts relevant to each element of its claims.

Finally, the Court notes that, in accordance with the undersigned's Practice Standards and this Court's Local Rules, Defendants conferred with Plaintiff regarding the issues raised in the instant Motion.  (ECF No. 4 at 1.)  Defendants contend that, despite the attorneys' best efforts, they were unable to reach an agreement as to whether the Complaint should be amended.  (*Id*.)  The Court is disappointed by the parties' inability to come to an agreement on what the Court views as a simple issue.  It would have been far less burdensome on both the parties and the Court if Plaintiff had simply agreed to amend its Complaint rather than forcing Defendants to file the instant Motion.  The Court strongly encourages the parties to work more cooperatively in the

future.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion to Dismiss (ECF No. 4) is GRANTED[1]; Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE; and

2. Plaintiff shall file an Amended Complaint that complies with federal pleading standards not later than September 4, 2012.

Dated this 20th day of August, 2012.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

[1] In the Motion, Defendants reserve the right to file additional Rule 12(b) motions and ask that the Court "honor same". (ECF No. 4 at 5.) Because the Court is ordering Plaintiff to file an amended complaint, the undersigned's Practice Standard requiring that all 12(b) issues be brought in a single motion does not foreclose the filing of a second 12(b) motion in response to that pleading. Therefore, the Court views Defendants' reservation of the right to file a second 12(b) motion as moot.